UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NARCRISSUS SWANIGAN,

    Petitioner,

    v.

JEF UTHECHT,

    Respondent.

Case No. C06-5120FDB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**September 22nd, 2006**

    This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.

**INTRODUCTION AND SUMMARY CONCLUSION**

    Petitioner challenges a 1995 Pierce County conviction by jury trial for one count of first degree robbery, one count first degree assault. He was originally sentenced to 330 months. Having reviewed the pleadings and the record in this case the court concludes this petition is time barred. The petition should be **DISMISSED**.

REPORT AND RECOMMENDATION- 1

# FACTS

The Washington State Court of Appeals summarized the facts as follows:

> Daniel McPhie was siting in his car, in a Tacoma bowling alley lot one evening. Narcrissus Swanigan approached McPhie, knocked on his window, and pulled out a gun. Swanigan and two other men then unlocked the car doors and got in. Swanigan sat in the front passenger seat, and the other two got in back The three men ordered McPhie to drive.
>
> The man sitting in the passenger side back seat then pointed a gun at McPhie's head and told the man seated behind McPhie to grab the wheel because "I'm going to waste [McPhie}." The man pulled the trigger, but the gun did not fire. He pulled the trigger a second time, but the gun still did not fire. The man then hit McPhie several times on the head, causing a bleeding wound that required stitches.
>
> McPhie pulled into a nightclub parking lot. Swanigan held his gun up to McPhie, and one of the men in the back seat demanded money. When one of the men in the back seat warned that a security guard was approaching, McPhie grabbed Swanigan's gun. McPhie and Swanigan struggled, the gun went off, and the bullet hit McPhie in the leg, causing some nerve damage. Meanwhile, the man seated behind McPhie got out, opened McPhie's door and demanded his money. McPhie does not remember if he gave his money to the man, or if the man reached into his pocket and took the money. McPhie testified he had either $460 or $ 480 dollars on him, and knew the exact denominations.
>
> Police officers found Swanigan and the other two suspects hiding in the woods a short distance from the parking lot. In Swanigan's pocket, the officers found ten .357 rounds and McPhie's car keys. The officers also found $480 in Swanigan's shirt pocket, in the same denominations that McPhie had lost.

(Dkt. # 14, Exhibit 3).

# PROCEDURAL HISTORY

Petitioner filed a direct appeal and the Washington State Court of Appeal's affirmed the conviction on December 30th, 1996. (Dkt. # 14, Exhibit 3).

Petitioner filed a motion for discretionary review which was denied May, 6th, 1997. (Dkt. # 14, Exhibit 4). On October 21st, 1996, while his direct appeal was pending, petitioner filed his first personal restraint petition. (Dkt. # 14, Exhibit 5). One of the issues raised in this petition was that a 12 month dead weapon firearm enhancement for the first degree assault charge was improper because the statute providing for that enhancement was not in effect at the time petitioner was charged. The Washington State court of Appeals agreed with petitioner and granted him relief on this issue. (Dkt. # 14, Exhibit 6). The court entered its order January 17th, 1997. (Dkt. # 14, Exhibit

REPORT AND RECOMMENDATION- 2

7)[1].

One year and four months later, on May 5th, 1998, petitioner filed his second personal restraint petition. (Dkt. # 14, Exhibit 7). The petition was dismissed as successive and as an abuse of the writ pursuant to RCW 10.73.140. (Dkt. # 14, Exhibit 8). Petitioner filed for discretionary review and the motion was denied March 23rd, 1999. (Dkt. # 14, Exhibit 7).

Over five years later petitioner filed his third personal restraint petition. (Dkt. # 14, Exhibit 9). The petition was dismissed as time barred pursuant to RCW 10.73,090. (Dkt # 14, Exhibit 10). Petitioner did not file for discretionary review.

On May 13th, 2005 petitioner filed another personal restraint petition. (Dkt. # 14, Exhibit 11). Respondent refers to this filing as the fourth petition but the state court refers to the filing as Mr Swanigan's fifth petition. In either event, the petition was dismissed as time barred and successive. Petitioner filed for discretionary review, and on January 25th, 2006 review was denied. (Dkt. # 14, Exhibit 13).

Mr. Swanigan filed his federal habeas corpus petition on March 6th, 2006 and he raises the following issues:

1. Miscalculation of his offender score.

2. One Year statute of limitations.

3. Prosecutorial misconduct.

4. Ineffective assistance of counsel.

(Dkt. # 4).

## EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously

---

[1] Dkt. # 14, Exhibit 7 is a printout of the state procedural history and not copies of briefs or actual orders. Respondent does not explain the reason he relies on this printout rather than produce the actual documents.

REPORT AND RECOMMENDATION- 3

unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law.  Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

## STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.  Engle v. Isaac, 456 U.S. 107 (1983).  Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995).  The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law.  Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d).  A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. §2254(e)(1).

## DISCUSSION

One Year Limitation Period of 28 U.S.C. § 2244(d)

REPORT AND RECOMMENDATION- 4

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA).  28 U.S.C. § 2244(d) provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For Mr. Swanigan the one year time frame would have commenced 90 days after his conviction was affirmed on May 6th, 1997.  This is because his first personal restraint petition was filed and decided before his direct appeal was over. (Dkt. # 14, Exhibits 4, 5, and 6).  Thus the one year began to run on August 4th, 1997.  The one year time frame ran for 274 day and tolled on May 5th, 1998 when Mr. Swanigan filed his second personal restraint petition.  The running of the one year time frame was tolled until March 23rd, 1999 when the Washington State Supreme Court denied review.  (Dkt. # 14, Exhibit 7) .  The last day of the one year time frame expired June 21st, 1999.

Petitioner did not file another state collateral petition until May 4th, 2004.  (Dkt. # 14, Exhibit 9).  By 2004 he was several years time barred and he cannot file a federal habeas corpus petition.  The court recommends **DISMISSAL** of this petition as time barred.

## CONCLUSION

This petition is time barred.  Accordingly, the petition should be **DISMISSED WITH PREJUDICE.**  A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

REPORT AND RECOMMENDATION- 5

parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 22nd, 2006**, as noted in the caption.

        Dated this 28th day of August, 2006.

                                      */S/ J. Kelly Arnold*
                                      J. Kelley Arnold
                                      United States Magistrate Judge

REPORT AND RECOMMENDATION- 6